# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

In the Matter of the Search of )
)
A Night Owl DVR System SN#810B-001800 ) Case No. 19-1883-M
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*

A Night Owl DVR System SN#810B-001800

located in the Eastern District of Pennsylvania, there is now concealed *(identify the person or describe the property to be seized)*: Controlled Substances or evidence of controlled substances

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

Title 21, United States Code, Section 841(a)(1), distribution of a controlled substance.

The application is based on these facts: See Affidavit of Probable Cause Attached hereto and incorporated herein

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days:) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Kevin M. Voit, U.S. Postal Inspector

*Printed name and title*

Sworn to before me and signed in my presence.

Date: November 7, 2019

City and state: PHILADELPHIA, PA

*Judge's signature*

HONORABLE ELIZABETH T HEY
UNITED STATES MAGISTRATE JUDGE

*Printed name and title*

19 - 1883 - m

# AFFIDAVIT

Kevin M. Voit, being duly sworn, deposes and says:

1. I, Kevin M. Voit, am a United States Postal Inspector. I am currently assigned to the United States Postal Inspection Service, Philadelphia Division. I have been employed as a Postal Inspector since April, 2016. Prior to becoming a Postal Inspector, I was employed as a federal agent with the Department of Homeland Security for seven and one half years. I have a Bachelor of Science in Business Administration from Rider University in Lawrenceville, NJ. I have been trained in various aspects of law enforcement, including the investigation of narcotics offenses. As part of my duties as a United States Postal Inspector, I investigate the use of the U.S. Mails and private carriers illegally to transport controlled substances and drug trafficking instrumentalities, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846.

2. This Affidavit is made in support of a Search Warrant Application for authority to search a Night Owl DVR System SN#810B-001800 listed in "Attachment A" hereto, and for authority to seize evidence, fruits, and instrumentalities, of crimes against the United States, specifically, in violation of Title 21, United States Code, Sections 841 and 843(b), and 846 as more particularly described in "Attachment B" hereto.

3. As part of my duties as a United States Postal Inspector, I investigate the use of the U.S. Mails and private carriers to illegally transport controlled substances and drug trafficking instrumentalities, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846. I have been trained in various aspects of law enforcement, including the investigation of narcotics offenses. Through my education and experience, and that of other agents, I have become familiar with the methods that individuals use to traffic narcotics through the U.S. Mails as well as private carriers.

4. Based on your Affiant's training and experience your Affiant knows that traffickers of illegal controlled substances:

   a. Commonly maintain contact lists with addresses or telephone numbers in cellular telephones which may reflect names, addresses, and/or telephone numbers of their associates in the trafficking organization, and/or individuals involved in their money laundering activities

   b. Take or cause to be taken photographs of themselves, their associates, their property, and their product using cellular telephones and these traffickers usually maintain these photographs and/or video in their possession.

1

    c. Frequently utilize cellular telephones to make telephone calls to and receive calls from customers and sources of supply and associates; cellular telephones are also frequently used to send and receive text messages related to the distribution of narcotics, including but not limited to, purchase requests, meeting locations, transaction times, and re-supply efforts and techniques. This information, including the names and phone numbers of customers, associates and sources of supply, is frequently maintained in the cellular telephones.

    d. Utilize electronic equipment such as computers, memory storage, hand held electronic devices, and cellular phones to generate, transfer, count, record and/or store the information described above.

    e. Commonly utilize camera systems to facilitate security of areas where illegal controlled substances are stored and or distributed from and provide early warning of law enforcement activity.

5. This affidavit is based upon my personal knowledge, experience and training, and other information developed during the course of this investigation. This affidavit is also based upon information and experience imparted to me by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause and securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that are necessary to establish probable cause to believe that evidence of violations of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846, will likely be found in the item listed in Attachment A.

## I. FACTS ESTABLISHING PROBABLE CAUSE

6. On October 22, 2019, the Philadelphia Division of the U.S. Postal Inspection Service intercepted a Priority Mail parcel bearing Priority Mail number 9505 5110 0907 9294 2672 89 (hereinafter referred to as the "Subject Parcel"). The Subject Parcel was mailed from Puerto Rico in a USPS Priority Mail flat rate box on October 21, 2019, and has the following characteristics: Priority Mail No. 9505 5110 0907 9294 2672 89, measuring approximately 12" x 12" x 5.75" and bearing the return name/address "Johanna Cubero, urb. Zeno Gandia 981 Ave. F.J.G., Arecido PR 00612" and the delivery name/address "Luis Hernandez, 5527 N. Marshall St., Philadelphia P.A. 19120."

7. According to the United States Postal Service as well as law enforcement database CLEAR, "Johanna Cubero" is not known to associate to the return address. Further, "Luis Hernandez" is not known to associate to the delivery address. From my training and experience, and the experience of other agents, I know that drug dealers who send controlled substances by the mail

2

or other package delivery services, will often use a fictitious return address name and/or a fictitious delivery addressee name when they are shipping parcels containing controlled substances. They use this subterfuge in order to prevent the mailer of the package from being located.

8. On October 23, 2019, the Subject Parcel was exposed to a drug detection canine named "Chase." Chase is handled by Officer Michael Calchi Badge # 167 with the Millville Police Department. Officer Calchi has been with the Millville Police Department since 2009 and he has been a K9 handler since 2012. The Millville Police Department certifies Officer Calchi and K9 Chase on a bi-annual basis, and Officer Calchi and K9 Chase have ongoing maintenance training every month during the year. In October 2019, Officer Calchi and K9 Chase successfully completed the certification and are certified in the detection of the following substances: marijuana/hashish, cocaine hydrochloride/cocaine base, heroin hydrochloride, methamphetamine, and MDMA. Officer Calchi advised Postal Inspectors that Chase alerted positive to the presence of illegal narcotics inside the Subject Parcel.

9. On October 23, 2019, the Honorable Timothy R. Rice, United States Magistrate Judge for the Eastern District of Pennsylvania, issued a federal search warrant to search Priority Mail Priority Parcel bearing Priority Mail Number 9505 5110 0907 9294 2672 89 (the Subject Parcel). Upon authorization of the search warrant, Postal Inspectors opened the Subject Parcel and found it to contain a gift wrapped package covered in newspaper. Inside the gift wrapped package were three heavily wrapped brick shaped objects that were composed of a white powdery substance (suspected cocaine) and when combined weighed a total of approximately three kilograms. The suspected cocaine was field tested and tested positive for the presence of cocaine. The estimated street value of three kilograms of cocaine is approximately $300,000 U.S. dollars.

10. On October 23, 2019, the Honorable Timothy R. Rice, U.S. Magistrate Judge for the Eastern District of Pennsylvania, issued an anticipatory federal search warrant for 5527 N Marshall Street, Philadelphia, PA 19120, and issued a tracking warrant, to allow law enforcement to monitor the location and contents of the Subject Parcel. U.S. Postal Inspectors repackaged the parcel with beepers and GPS tracking devices, and included three rectangular shaped items to give the appearance of three kilograms of cocaine (hereinafter referred to as "the kilograms"). The kilograms were composed of a sham substance and a representative sample off of the original cocaine was placed into one of the sham kilograms. Law enforcement also placed theft detection powder on the outside of the kilograms. This theft detection powder is invisible to the naked eye, but can be seen using an ultraviolet light. Law enforcement uses theft detection powder in order to determine what individual(s) have touched an object.

11. On October 24, 2019, U.S. Postal Inspectors conducted a controlled delivery of the parcel to 5527 N Marshall Street, Philadelphia, PA 19120 (hereinafter referred to as the "Subject Location"). A U.S. Postal Inspector posing undercover as a Letter Carrier (hereinafter referred to

3

as "the UC") delivered the Subject Parcel to the "Subject Location" at approximately 11:04am. An individual later identified as Jose Santiago was standing outside of the front of the Subject Location washing a gray Dodge Magnum PA bearing Pennsylvania license plate KCW1277 (hereinafter referred to as the Dodge). Santiago approached the front door of the Subject Location, opened the door, and instructed the UC to leave the Subject Parcel inside of the Subject Location. Santiago returned to washing the Dodge.

12. Approximately five minutes later, Santiago entered the Subject Location. Moments later, Santiago exited the Subject Location carrying a dark colored backpack, returned to the Dodge, and opened the back door. Once the back door was closed Santiago was no longer wearing the backpack and resumed washing the Dodge.

13. At approximately 11:43am, Santiago took the hose he was using to wash the Dodge and entered the side yard of the Subject Location traveling in the direction of the rear door of the Subject Location.

14. At approximately 12:05pm, the beeper transmitter device went into alarm mode indicating the Subject Parcel was opened, exposing the gift wrapped sham bundle of the kilograms. Prior to the beeper going into alarm mode, at approximately 11:10am, an unknown Hispanic male wearing a black hooded jacket and a black backpack exited the Subject Location and traveled in the direction of Olney Avenue, leaving the area.

15. Minutes later, the law enforcement team knocked and announced their presence at the front door of the Subject Location with no response. The law enforcement team made entry and encountered Santiago who immediately surrendered to law enforcement.

16. At approximately 12:10pm Santiago's hands were tested and tested positive for the presence of theft detection powder.

17. At approximately 12:15pm Santiago was read his Miranda Rights and requested to have an attorney present.

18. During the search of the Subject Location the outer box of the Subject Parcel was recovered in the kitchen located in the rear of the Subject Location. A law enforcement officer located outside in the rear of the Subject Location explained that prior to law enforcement making entry through the front door, the officer heard the rear door of the Subject Location open, followed by the sound of an object hitting the ground, and observed Santiago enter the rear door of the Subject Location. The sham bundle of the kilograms, with the gift wrapping paper removed, were recovered on the other side of the fence on the property adjacent to the rear of the Subject Location.

4

19. During the search of the Subject Location, a 9mm SCCY CPX-1 handgun bearing serial # 041679, loaded with eleven rounds of ammunition, was recovered on a shelf in the bedroom closet that investigators believe is the Santiago's bedroom. In the same closet where the handgun was recovered, law enforcement found a back pack that contained several distribution sized bags of white powder (suspected cocaine) and other empty distribution sized bags. Additionally, the bag pack contained powders recognized by law enforcement as a cutting agent for the distribution of cocaine. The quantity of cocaine recovered, in addition to the materials seized from Santiago's bedroom, are all consistent with the intent to distribute.

20. On the first floor of the Subject Location, Law Enforcement Officers discovered a surveillance motoring system (Night Owl DVR System SN#810B-001800). A large flat screen TV displayed multiple live camera views including multiple angles which monitored the exterior of the residence. Agents believe that this DVR system was functioning at the time that agents made the controlled delivery to the house and at the time that Santiago threw the parcel over a fence into an adjoining yard.

## II. CONCLUSION

21. As stated within this affidavit, your affiant is aware that drug traffickers use electronic devices to monitor the trafficking of their narcotics. This investigation thus far has provided reason to believe that Santiago, and others are using the U.S. Postal Service to move their narcotics from Puerto Rico into the Eastern District of Pennsylvania. Based on my experience and training, your affiant believes that it is likely that the Night Owl DVR System SN#810B-001800 contains recordings of individuals involved in various forms of narcotics trafficking.

22. Based upon the foregoing, I submit that there is probable cause to believe that there is and will be evidence of violations of the specified federal offenses in Night Owl DVR System SN#810B-001800.

23. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection and in rare cases may cause damage in order to determine whether it is evidence described by the warrant.

24. Based on the aforementioned factual information, your affiant respectfully submits that there is probable cause to believe that within the item listed in Attachment A, there may be found instrumentalities, evidence and fruits of violations of federal law, including but not limited to, drug trafficking and conspiracy to commit drug trafficking in violation of Title 21 USC §§ 841, 843, 846 and related offenses, as described more fully in Attachment B.

Kevin M. Voit
U.S. Postal Inspector

Subscribed to and sworn
before me this 7th day of November, 2019.

HONORABLE ELIZABETH T. HEY
*United States Magistrate Judge*

6

## ATTACHMENT "A"

### (PREMISES TO BE SEARCHED)

Item 1:  Night Owl DVR System SN#810B-001800

The items is currently in the custody of the United States United States Postal Inspection Service, Philadelphia Division, within the Eastern District of Pennsylvania.

7

## ATTACHMENT "B"

### (PROPERTY TO BE SEIZED)

1. All records that relate to violations of 21 U.S.C. §§ 841, 843, and 846 including:

   a. videos, and still images
   b. any information related to sources of drugs (including names or any other identifying information);
   c. any information recording schedule or travel;
   d. any evidence of the expenditure and or concealment of the proceeds of drug distribution.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, including DVR ownership, brand, make & model, serial number, saved usernames and passwords, user/owner account information, calendars events, IP (Internet Protocol) Connections, user generated notes, digital photographs, video files, audio files, user generated dictionaries, wireless network connections.